IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PETER JOHNSON<br>4891 Deer Run Drive<br>Lorain, Ohio, 44053<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>ACTION DOOR OF LORAIN<br>COUNTY, INC.<br>c/o Toni Marie Cavasini<br>938 Lorain Blvd.<br>Elyria, Ohio, 44035<br><br>　　　-and-<br><br>TONI MARIE CAVASINI<br>938 Lorain Blvd.<br>Elyria, Ohio, 44035<br><br>　　　-and-<br><br>DAVID CAVASINI<br>938 Lorain Blvd.<br>Elyria, Ohio, 44035<br><br>　　　　　　　Defendants. | ）））））））））））））））））））））））））））） | CASE NO:<br><br>JUDGE<br><br>COMPLAINT FOR<br>VIOLATIONS OF THE<br>FAIR LABOR<br>STANDARDS ACT AND<br>THE OHIO MINIMUM<br>FAIR WAGE ACT<br><br>(Jury Demand Endorsed) |

Plaintiff Peter Johnson, by and through undersigned counsel, as his Complaint against Defendants, state and aver the following:

## PARTIES

1. Johnson is a resident of the city of Lorain, county of Lorain, State of Ohio.

2. Action Door & Window ("Action") is an Ohio limited company that conducts business in the state of Ohio, and which maintains its principal place of business at 938 Lorain Blvd., Elyria, Ohio, 44035.



3. During all times material to this Complaint, Action was Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4. At all times referenced herein, Toni Marie Cavasini was an owner and the Vice President of Action.

5. During all times material to this Complaint, Toni Marie Cavasini supervised and/or controlled Plaintiff's employment, and acted directly or indirectly in the interest of Action in relation to its employees, and was an employer within the meaning of section 3(d) of the FLSA.[1]

6. During all times material to this Complaint, Toni Marie Cavasini had control over the day to day operations of Action, to include how Action paid Johnson.

7. At all times referenced herein, Toni Marie Cavasini was an owner and the Vice President of Action.

8. During all times material to this Complaint, David Cavasini supervised and/or controlled Plaintiff's employment, and acted directly or indirectly in the interest of Action in relation to its employees, and was an employer within the meaning of section 3(d) of the FLSA.

9. During all times material to this Complaint, David Cavasini had control over the day to day operations of Action, to include how Action paid Johnson.

## JURISDICTION AND VENUE

10. This court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Johnson is alleging a Federal Law Claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

11. This Court has supplemental jurisdiction over Johnson's state law claims pursuant to 28 U.S.C. § 1367 as Johnson's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

---

[1] See *Mitchell v. Chapman*, 343 F.3d 811, 827-28 (6th Cir.2003).



12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because it is the district court for the district, division, and counties within the Defendants operate and conduct business, and within which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

13. Action sells and installs windows, garage doors, and entry doors for use in private and commercial buildings.

14. In order to perform its services, Action must purchase supplies from outside of Ohio.

15. Action sells and installs doors, windows, and garage doors which were moved in or produced for commerce outside of Ohio.

16. Upon information and belief, at all times material to the Complaint, Action had a gross volume of sales made or business done of at least $500,000.00.

17. Action forms a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

18. Johnson was hired by Defendants as a Service Manager in or around October of 2015.

19. Johnson's primary job duties included ordering parts and supplies from out of state vendors.

20. Despite holding the title of "Service Manager," Johnson did not have the power to hire or fire employees.

21. Johnson never made any decisions regarding the hiring of any employees

22. Johnson never made any decisions regarding the firing or termination of any employees

23. Johnson did not have any input of significant weight regarding hiring or firing decisions at Action.

24. Johnson's primary job duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

25. Johnson's primary job duty was to take phone calls and dispatch installers to perform jobs.

The Employee's Attorney.™ 

26. Johnson spent more than half of his time performing that same work as installers ("techs"), to include installing and servicing doors, windows, and garage doors, performing maintenance work at Action's offices, and cleaning Action's offices.

27. Johnson was paid an hourly rate, ranging from $21.50 when he began his employment to $22.50 per hour by the time Johnson resigned his employment.

28. In addition to his hourly pay, Johnson was to receive a five percent commission on all jobs he sold.

29. Because Johnson was paid an hourly rate, rather than a salary, he was non-exempt from the overtime provisions of the FLSA and/or OWL.

30. During Johnson's employment with Defendants, he regularly worked from 6:30am to 6:30pm.

31. Johnson was responsible for opening Action's offices at 6:30am, and for closing Action's offices at 6:30pm.

32. In addition to working approximately 60 hours per week (five days a week, twelve hours a day), Johnson routinely worked from 9:00 am to 12:00pm on Saturdays.

33. Regardless of how many hour Johnson worked, Defendants only paid him for the first 40 hours he worked each week.

34. Defendants never paid Johnson overtime.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

67. Johnson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

68. During all times material to this complaint, Johnson was not exempt from receiving overtime compensation.

69. During all times material to the complaint, Defendants knew that Johnson was regularly working in excess of forty hours per week.



70. During all times material to this Complaint, Defendants violated the FLSA with respect to Johnson by failing to compensate him at time-and-one-half his regular rate of pay for any hours he worked in excess of forty hours per workweek.

71. Defendants knew that they were required to pay Johnson overtime compensation at a rate of one and one-half her regular rate of pay for hours worked in excess of forty hours per workweek.

72. In violating the FLSA, Defendants acted willfully, without a good faith or reasonable basis and in reckless disregard of clearly applicable FLSA provisions.

73. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Johnson for the full amount of the required overtime wage rate, an additional equal amount as liquidated damages, and costs and reasonable attorney fees.

## COUNT II: VIOLATION OF THE OHIO WAGE ACT

74. Johnson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

75. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek including payment of all earned overtime compensation. *See* O.R.C. §§ 4111.01, *et seq*.

76. During all times material to this Complaint, Defendants were covered employers required to comply with the Ohio Wage Act's mandates.

77. During all times material to this Complaint, Johnson was a covered employee entitled to individual protection of Ohio Wage Act.

78. Defendants violated the Ohio Wage Act with respect to Johnson by failing to pay Johnson overtime compensation for any hours worked over 40 in a week.

79. In violating the Ohio Wage Act, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio Wage Act provisions.



The Employee's Attorney.™

80. As a direct and proximate cause of Defendants' conduct, pursuant to R.C. 4111.10, Defendants are liable to Johnson for the full amount of the required overtime wage rate, as well as costs and reasonable attorney fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Peter Johnson demands from Defendants the following

(a) For an award against Defendants of unpaid wages and overtime to Johnson, to be determined at trial together with any liquidated damages allowed by FLSA;

(b) An award of reasonable attorney's fees and non-taxable costs for Johnson's claims as allowable under law;

(c) An award of the taxable costs of this action;

(d) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Peter Johnson*

The Employee's Attorney.™ 

## **JURY DEMAND**

Plaintiff Peter Johnson demands a trial by jury by the maximum number of jurors permitted.

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

The Employee's Attorney.™